

SIGNED THIS 30th day of January, 2020

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 11 |
| DOUGLAS RAY HUTCHINSON ) | |
| ) | CASE NO. 18-71619 |
| Debtor. ) | |
| DOUGLAS RAY HUTCHINSON ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Adv. Pro. No. 19-07036 |
| ) | |
| FIRST COMMUNITY BANK, ) | |
| W. BLAKE BELCHER, ) | |
| ROBERT L. BRUZZO, and ) | |
| GARY R. MILLS ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the Motion of First Community Bank (the "Bank") for Partial Judgment on the Pleadings to the Complaint Seeking Declaratory and Other Relief ("Complaint") filed against it by the Debtor, Douglas Ray Hutchinson ("Debtor"). The Debtor filed a petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C.

§ 1101 *et seq*., on December 4, 2018. Over a year into this case, no disclosure statement has been approved nor is a Chapter 11 plan actively pending before the Court. The Debtor has asserted since early in the case that causes of action or disputes exist against the Bank, and those causes of action must be resolved before the main case can proceed.[1] However, the Complaint was not filed until October 1, 2019, almost ten months after the petition was filed. The Motion for Partial Judgment on the Pleadings was timely filed by the Bank on October 30, 2019, and the Debtor filed a two page response on November 16, 2019. For the reasons set forth below, the Motion for Partial Judgment on the Pleadings will be granted.[2]

## FACTUAL BACKGROUND

Although far from a paragon of clarity, the Debtor's allegations against the Bank in the Complaint will be summarized herein. The Debtor and his family have a long history of dealing with the Bank. The Debtor's long time loan officer was an individual named Monte Rife, and most of the actions complained of herein the Debtor alleges took place with the complicity of Mr. Rife. The Debtor had a series of loans in his own name over many years, but the loans in controversy the Debtor contends are based on forged documents or the unauthorized execution of notes the Debtor had no authority to sign, all known by Mr. Rife. In addition, for the purposes of this Motion, the Debtor seeks that the Court find that enforcement of the obligations under various notes made to the Bank are time barred under the applicable statute of limitations.

---

[1] While the Debtor asserts various causes of action and disputes against the Bank, none of his scheduled debts to the Bank are listed as contingent, unliquidated or disputed. (ECF No. 18). These schedules are filed under oath and have not been amended. The Debtor accuses the Bank in ¶ 10 of the Complaint of having committed perjury by filing a proof of claim asserting a claim against the Debtor based on a forged document. Even if the Debtor's wife's signature was forged, the Debtor still signed the note in his own name as well. Given the cavalier manner in which the Debtor and his counsel have conducted this case to date, they may want to be more measured in their accusations.

[2] The Bank also filed a motion for partial summary judgment, which was argued the same day as the motion for judgment on the pleadings. While the Court has continued the hearing on the summary judgment motion, matters pertaining to the conduct of the case leading up to the argument of that motion will be addressed below.

2

Initially, the Debtor states in his Complaint that the Bank's "[c]laim numbers 1, 2, 3, 4, & 5, along with all of their attachments are all incorporated by reference into this complaint." Compl. ¶ 23.  The Debtor requests that the Court examine each proof of claim and determine if any of them are barred by the applicable statute of limitations, determine the balance due, if any under each proof of claim, and also determine the validity of the various claims and deeds of trusts under theories not at issue for present purposes. In the Complaint, the Debtor never says which statute of limitations he is relying upon. In the Motion, the Bank states that each obligation which the Bank asserts against the Debtor is evidenced by a "note" within the scope of Va. Code Ann. § 8.3A-118(a). That Code section provides that "(a) Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."  Furthermore, subsection (h) of Section 8.3A-118 provides that "Notwithstanding the provisions of § 8.01-246, this section shall apply to negotiable and non-negotiable notes and certificates of deposit."  Va. Code Ann. § 8.3A-118(h). Section 8.01-246, in turn, deals with the statute of limitations for personal actions based on contracts.

The Bank filed Claim 1 in the amount of $16,418.09 as secured based upon a promissory note dated April 24, 2000 in the original principal amount of $25,613.08, payable with interest of 9.500% per annum in monthly payments of $238.85, with a final payment of unpaid principal and accrued interest due April 24, 2020. The note references a credit line deed of trust dated September 8, 1997. The note is purportedly executed by the Debtor and his then wife, Linda Hutchinson. Claim 1 was initially filed as secured, but the Bank later filed an amended claim as unsecured. The Debtor does not allege he failed to sign the note forming the basis of Claim 1. He

does allege he forged his wife's name at the behest of the Bank on the note and the deed of trust, the latter of which signature was notarized by the Bank's loan officer, Monte Rife, three years earlier. Compl. ¶¶ 9-11. The Debtor contends the statute of limitations has expired on this note.

The Bank filed Claim 2 as secured in the amount of $12,537.16 based upon a promissory note dated August 10, 2005 made by the Debtor's mother and stepfather in the original principal amount of $85,471.98, payable with interest of 6.5% per annum for five years, then converting to a variable rate, in monthly payments of $753.00, with a final payment of unpaid principal and accrued interest due August 14, 2020.[3] This note is secured by a deed of trust on property then owned by the Debtor's mother, but now owned by the Debtor. The Debtor does not dispute this debt. Compl. ¶ 12.

The Bank filed Claim 3 as secured in the amount of $129,122.28 based upon a promissory note dated March 25, 2008 in the original principal amount of $139,000.00, payable with interest of 7.710% per annum in monthly payments of $1,307.26, with a final payment of unpaid principal and accrued interest due April 6, 2023. This note is made by the Debtor and secured by a deed of trust of the same date on property which the Debtor contends he did not own at the time the property was conveyed.[4] The Debtor contends the statute of limitations has expired on this note.

Claim 4 is filed by the Bank in the amount of $91,653.18 as secured by property based upon a revolving line of credit agreement dated May 11, 2010 in the original principal amount of $100,000.00, payable monthly with interest as set forth in the agreement, with a final payment of

---

[3] The Court has to read the attachments to the proof of claim to determine the amount and status of the claim. The proof of claim form itself is blank as to amount and secured status. *See* POC 2-1.
[4] The Debtor contends that at the time the deed of trust was granted, the property was owned by a trust in favor of the Debtor's son, of which the Debtor was Trustee. Compl. ¶ 13.

unpaid principal and accrued interest due May 11, 2030.[5] This agreement was signed by the Debtor as Power of Attorney for his mother and secured by property then owned by her but now owned by the Debtor.[6] The Debtor also signed the deed of trust securing repayment of this obligation as Power of Attorney for his mother. The Debtor disputes this claim as a fraudulent transfer. No statute of limitations claim is asserted by the Debtor on this obligation, although the Debtor asserts the deed of trust was "potentially" a fraudulent transfer as he used an invalid power of attorney at the suggestion of the Bank to increase the amount of the credit line deed of trust after his mother died. Compl. ¶ 21.

Finally, the Bank filed Claim 5 as secured in the amount of $40,298.43 also based upon a credit agreement, this one dated February 7, 2014, in the original principal amount of $33,900.00. It requires monthly payments of principal and interest based on a percentage of the outstanding balance on the line, with unpaid principal and interest due at maturity on February 7, 2034. It is secured by a deed of trust of even date on property owned by the Debtor and his wife. The Debtor seeks a declaratory judgment that this note is barred by the statute of limitations, but the Complaint does not say why. The Debtor also claims the note and deed of trust were for past consideration, and may be a fraudulent conveyance. Compl. ¶ 22.

There are no allegations of fact in the Complaint that any of the notes are actually in default, that any note was accelerated, that demand for payment was made on any note, or that any specific statute of limitations has actually begun to run on any specific obligation. Yet, the Complaint, in part, "prays that the court examine each of the proofs of claim and determine if

---

[5] As with Claim 2, the Court has to resort to the attachments to the claim to determine the amount and status of the claim, as the claim form itself is blank. *See* POC 4-1.
[6] The Debtor's unamended Schedule A/B reflects as follows: "Estranged wife resides in this home. PIN 2613308000 Two DOTs 3/2008 $94,703 and 2/2014 $32,435.00. 2 years in arrearage, Pending foreclosure. Loan #s 25190818 & 2530916. 2018 Town of Tazewell assessed value. This is real estate that Debtor inherited from his mother."

5

any of them are barred by the applicable statute [of] limitations. . . ." Compl., at 7. Despite this language, the Complaint, at best, only alleges that Claims 1, 3, and 5 are barred by the applicable statute of limitations.

## ARGUMENT

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

### I. The Applicable Legal Standard

As stated in *Quality Properties Asset Management Co. v. Trump Virginia Acquisitions, LLC*, No. 3:11-cv-00053, 2012 WL 3542527, at *2 (W.D. Va. Aug. 16, 2012), "[a] motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) may be made 'after the pleadings are closed but early enough not to delay trial.' Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is appropriate when there are no genuine issues of material fact, and 'only questions of law remain.' *Virginia Imports v. Kirin Brewery of America,* 296 F.Supp.2d 691, 695 (E.D. Va. 2003)." Further, the standard of review for a Rule 12(c) motion is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.,* 278 F.3d 401, 406 (4th Cir. 2002).

*Quality Properties* further observed that "[w]hile extrinsic evidence is generally not to be considered at the Rule 12(b)(6) stage, 'a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the

6

authenticity of these documents is not disputed.' *Witthohn v. Fed. Ins. Co.,* 164 Fed. App'x. 395, 396–97 (4th Cir. 2006); *see also Blankenship v. Manchin,* 471 F.3d 523, 526 n. 1 (4th Cir. 2006) (citations omitted). Factual admissions by parties are, as a general rule, binding as judicial admissions, *see New Amsterdam Casualty Company v. Waller,* 323 F.2d 20, 24–25 (4th Cir. 1963), and the parties' exhibits, which are not in dispute, do not present matters outside the pleadings." *Quality Properties*, at *2. Here, the Debtor has expressly incorporated into the Complaint the Bank's proofs of claim and the attachments thereto into matters that may be considered such that this matter may not be converted to one under Rule 56 of the Federal Rules of Civil Procedure.

The Court also notes that the parties are here on a declaratory judgment motion, not a claim objection. The framework for objection to claims is well established in the Fourth Circuit. 11 U.S.C. § 501 authorizes any creditor of an estate to file a proof of claim, and 11 U.S.C. § 502(a) provides that a proof of claim "is deemed allowed, unless a party in interest . . . objects." If such party objects, the court, after notice and a hearing, must determine the amount and validity of the claim. 11 U.S.C. § 502(b). *See Meral, Inc. v. Xinergy, Ltd.,* Case No. 7:16CV00059, 2016 WL 7235846, at *3 (W.D. Va. Dec. 13, 2016).

"The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim." *In re Harford Sands Inc*., 372 F.3d 637, 640 (4th Cir. 2004). When a claimant files a proof of claim with all of the required supporting documentation, it is prima facie evidence of the claim's validity and the amount owed by the debtor. *In re Falwell*, 434 B.R. 779, 783 (Bankr. W.D. Va. 2009); see also Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). "The burden then shifts to the debtor to object to the claim," and to

7

"introduce evidence to rebut the claim's presumptive validity." *Harford Sands*, 372 F.3d at 640. Such evidence "must be sufficient to demonstrate the existence of a *true dispute* and must have probative force equal to the contents of the claim." *Falwell,* 434 B.R. at 784. "If the debtor offers such evidence, the burden shifts back to the creditor to produce evidence meeting the objections and establishing the claim." *Id.; Meral,* at \*3. Bankruptcy Rule 7001(9) does not specifically refer to a declaratory judgment as a method to challenge a proof of claim as barred by the statute of limitations, but the parties have not raised this issue, and the Court will decide the present motion mindful of the *Harford Sands* analysis set forth above.

II.     Procedural Background

The procedural background of this case is convoluted, made so by the Debtor's last minute efforts to muddy the record in advance of the fully briefed motions scheduled for hearing on January 9, 2020. In this case, the Bank filed an Answer to the Complaint on October 29, 2019. (ECF No. 5). The Bank filed its Motion for Partial Judgment on the Pleadings on October 30, 2019. (ECF No. 7). The Debtor filed a Response and Objection to Partial Judgment on the Pleadings on November 16, 2019. (ECF No. 11). The Response and Objection consists of two pages and four paragraphs. The sole response filed by the Debtor is that the Bank's citation to Va. Code Ann. § 8.3A-118(a) is misplaced. Instead, notwithstanding the provisions of sub-paragraph (h) of Section 8.3A-118, the Debtor cites to a Virginia Supreme Court case dealing with the breach of contracts, and which provides "[w]ith regard to the question concerning the statute of limitations, Code § 8.01-246(2) requires that a cause of action on a written contract be brought within five years after the cause of action accrues." *Rivera v. Nedrich*, 259 Va. 1, 4, 529 S.E.2d 310, 311 (1999). Using this language, the Debtor next contends as follows:

> The only question that remains is when the plaintiff breached his obligations under the note. If his breach on the note occurred more than five years before the filing of

8

    his Chapter 11 case, then the promissory notes are barred by the statute [of] limitations. It is a question of fact.

Response and Objection, ¶ 4. (ECF No. 11). Thus, at issue is whether Section 8.3A-118 or 8.01-246 of the Virginia Code applies to the obligations before the Court. Further, if Section 8.01-246 applies, should the Debtor be able to pursue a declaratory judgment action when the Complaint never even alleges why any particular claim is barred by the statute of limitations. Under *Harford Sands*, the Plaintiff should have to allege some basic facts to rebut the prima facie validity of the Bank's claims, or the Plaintiff is doing through the back door what he cannot do through the front. The Debtor just suggests it could be possible the claims are barred, but offers no facts to that effect. Despite having no leave to file a second response to the Bank's motion, and six days before the hearing on the motion and response already filed, the Debtor filed another Response and Objection to the Motion for Partial Judgment on the Pleadings, and a motion to file an Amended Complaint, which the Debtor noticed for hearing on the same day as the fully briefed motion for judgment on the pleadings. (ECF No. 27).[7]

  III. <u>Application of the Law to the Facts Alleged</u>

  The only issue addressed in the Motion for Judgment on the Pleadings is the statute of limitations issue. The Debtor's allegations only put into question the documents evidencing the obligations to repay set forth in Claims 1, 3, and 5. Section 8.3A-118(h) provides that Section 8.3A-118 apples to both negotiable and non-negotiable notes. The obligations set forth in Claims

---

[7] The Bank filed a Motion for Partial Summary Judgment on October 31, 2019. (ECF No. 9). The Debtor filed his opposition to the Motion on November 16, 2019. (ECF No. 12). The Bank filed its reply on November 26, 2019. (ECF No. 21). Despite the matter being fully briefed, the Debtor filed another "response and opposition" to the Motion for Partial Summary Judgment on January 3, 2020 (ECF No. 27), with his second opposition to the motion for partial judgment on the pleadings and his Motion to Amend the Complaint, which was filed out of time and set for hearing on January 9, 2020 without clearance from the Court. *See* Fed. R. Bank. Pro. 9006(d). The Court is now amending its pre-hearing Order in all future adversary proceedings to put strict time limits on all responses to motions and to further limit last minute supplemental filings, and sur-replies, which will be applicable to the entire bar.

1 and 3 are clearly notes covered by Section 8.3A-118. Despite being titled a "Credit Agreement," the repayment obligation supporting Claim 5, which has the characteristics of a note, will be treated as a note for the purposes of Section 8.3A-118 as well.

The Uniform Commercial Code, as adopted in Virginia, provides that the Code "shall be liberally construed and applied to promote its underlying purposes and policies, which are: (1) to simplify, clarify, and modernize the law governing commercial transactions; (2) to permit the continued expansion of commercial practices through custom, usage, and agreement of the parties; and (3) to make uniform the law among the various jurisdictions." Va. Code Ann. § 8.1A-103. The Credit Agreement behind Claim 5 reflects a promise to pay the principal amount borrowed, the prepayment terms, interest rate and the events of default, and given that Section 8.3A-118 casts a broad net to encompass both negotiable and non-negotiable notes, the Court believes it appropriate to apply the statute of limitations for notes to an obligation akin to a note although not titled as such.[8]

At oral argument, counsel for the Debtor suggested that the Debtor might have been late on a payment, or perhaps did not pay real estate taxes under the terms of a deed of trust, which could have triggered a breach in years past such that a default occurred. However, the Debtor alleges no facts that such actually occurred. Instead, the Debtor argues that the law of contracts applies as to the accrual of the cause of action, and that notwithstanding the express language of Section 8.3A-118(a), the statute of limitations began to run when a breach occurred. Specifically, the Debtor states as follows: "[t]he only question that remains is when the plaintiff breached his obligations under the note. If his breach on the note occurred more than five years before the

---

[8] "An instrument is a 'note' if it is a promise and is a 'draft' if it is an order." Va. Code Ann. § 8.3A-104(e).

filing of his chapter 11 case, then the promissory notes are barred by the statute [of] limitations. It is a question of fact." (Response to Motion to Dismiss ¶ 4).

The Court disagrees. Section 8.3A-118(a) is clear on its face – "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Further, Section 8.3A-118(h) provides that "[n]otwithstanding the provisions of § 8.01-246, this section shall apply to negotiable and non-negotiable notes." Section 8.01-246 is the general provision for statutes of limitation for personal actions based on contracts under Virginia law, and that section sets the five year limitations period the Debtor relies upon. By its express terms, Section 8.3A-118 makes clear Section 8.01-246 does not apply.

As stated by one District Court applying the Massachusetts version of UCC Section 3-118, "Plaintiff has not shown that six years have passed from the 'due date or dates stated in the note' or the 'accelerated due date.' Plaintiff provides no authority for making the 'due date' under Section 3–118 the date of any missed monthly payment in the absence of acceleration." *Simmons v. Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc. Tr. 2004-HE8*, No. 18-cv-10136-ADB, 2018 WL 1924453, at *5, n.4 (D. Mass. Apr. 24, 2018). Here, the Debtor has applied the wrong statute of limitations, the one for contracts and not for notes, and has made no allegation that any of the events triggering the six year statute of limitations has occurred.[9] In keeping the burden-shifting framework of *Harford Sands* in mind, the Court will

---

[9] The Debtor cites to *Rivera v. Nedrich*, 259 Va. 1, 529 S.E.2d 310 (1999), and *Harris & Harris v. Tabler*, 232 Va. 75, 348 S.E.2d 241 (1986), as supporting the contention that the five year statute of limitations for written contracts applies to promissory notes, but neither case addressed the application of Section 8.3A-118 or obligations made after the date of its enactment.

review the allegations of the Complaint and the documents incorporated therein, in connection with the applicable law.

The promissory note supporting Claim 1 is a note payable at a definite time. The note dated April 24, 2000 is "payable in 239 payments of $238.85 beginning May 24, 2000 and continuing at monthly time intervals thereafter. A final payment of the unpaid principal balance plus accrued interest is due and payable on April 24, 2020." Under "Events of Default," an Event of Default will occur, in part, if the borrower or another obligor fails to make a payment on the note when due, or if they fail to perform any obligation or breach any warranty or covenant to the Bank contained in the note. Once a default occurs, the Bank has the option, but not the obligation, to, among other things, declare the principal balance plus accrued interest under the note immediately due and payable. There is no allegation in the Complaint that the Bank did any of this as to Claim 1. So, if the note is not yet due by its terms, and no due date was accelerated, the six year statute of limitations has not yet begun to run as to Claim 1. The motion for judgment on the pleadings will be granted as to Claim 1, and the Debtor's request for relief on that basis will be dismissed.

As to Claim 3, it is also based on a promissory note which is payable at a definite time. The note supporting Claim 3 states that it is payable in 180 payments of $1,307.26 each. The first payment is due May 6, 2008, and the same day of each month after that. The final payment is due is April 6, 2023, which will include the unpaid balance of the note due at that time, if any. Simplifying, the borrower will be in default if, among other things, the borrower fails to make any payment when due under the note, breaks any promise made to the lender, or any representation or statement made to the lender under the note or related documents is false or misleading in any material respect. In that event, the note provides that the Bank may declare the

entire balance of the note due and payable. However, there is no requirement that the Bank do so. There is no allegation in the Complaint that the Bank did any of this as to Claim 3. So, if the note is not yet due by its terms, and no due date was accelerated, there is no basis to find the six year statute of limitations has expired as to Claim 3 under Section 8.3A-118(a).  The motion for partial judgment on the pleadings as to the statute of limitations will be granted as to Claim 3, and the Debtor's request for relief on that basis will be dismissed.

As to Claim 5, in the event of default, the Bank can, at its option, demand the entire outstanding balance due in one payment if the borrower, among other things, fails to meet the repayment terms. There is no allegation the Bank has done so. The obligation to repay the full amount does not mature by its terms until February 7, 2034. There are insufficient allegations in the Complaint to establish a viable claim that the statute of limitations has expired. The motion for partial judgment on the pleadings will be granted as to the statute of limitations on Claim 5, and the Debtor's request for relief on that basis will be dismissed.

    IV.    <u>Litigation Conduct by Debtor's Counsel</u>

The Court would be remiss if it did not address certain litigation conduct by Debtor's counsel in this case to date. First, counsel for the Bank noticed two motions to establish admissions for hearing on January 9, 2020. The first motion was filed December 20, 2019, and the second motion was filed January 6, 2020 (along with a motion to shorten notice). The motions relate to requests for admission that were served on Debtor's counsel November 19, 2019, and December 5, 2019. Debtor's counsel opposed neither motion. However, Debtor's counsel stated that he agreed to the admissions pertaining to the documents attached to the first request for admissions, but never notified counsel for the Bank to that effect, leading the Bank to file a motion to establish the documents as admitted. As to the second set of requests for

admission, Debtor's counsel stated he had not seen the second set of admissions, and that they were not filed with the Court. These latter statements are disingenuous, at best.

Although by Local Rule discovery is not to be filed with the Court, counsel for the Bank did so anyway.[10] The second requests for admission were filed on December 5, 2019. (ECF No. 22). Counsel for the Debtor would have received those electronically, and, in fact, the CM/ECF receipt for that filing indicates they were sent to Debtor's counsel at his email address registered with the Court. Later, they were attached to a motion to establish admissions. So, despite representing to the Court he had not seen them, the record reflects the requests for admission were sent to counsel at least twice. Moreover, at the hearing on the motion for summary judgment, counsel indicated he had not discussed a document deemed critical by the Bank with his client before the hearing – despite bringing his client to the hearing on January 9, 2020. He further told the Court he could obtain an affidavit from his client while the hearing was going on, saying exactly what the Court is unsure, since he had not seen the document attached to the second request for admissions – which, as explained above, is of questionable belief.

Second, Debtor's counsel argued against the motion for summary judgment filed by the Bank. In neither his original nor supplemental response did the Debtor cite to any law review articles. Nevertheless, Debtor's counsel asserted that he had a 1929 law review article from the University of Virginia Law Review that supported his argument. It was nowhere to be found in the materials, much less something the Court could review or that counsel for the Bank could

---

[10] Local Rule 7026-1 provides as follows: "Unless otherwise permitted by the Court, on its own initiative or for good cause shown by motion, discovery materials, depositions upon oral examination and upon written questions, interrogatories, requests for documents, requests for admission, and answers and responses or objections to such discovery requests shall not be filed with the pleadings or papers in any case or proceeding. Where specific discovery material may appropriately support or oppose a motion, the specific discovery material in question shall be appended as an exhibit to the motion, or in response thereto, without having been previously filed. Discovery material otherwise permitted to be used at trial may be properly so used, if otherwise admissible, without having been previously filed."

prepare to address prior to the hearing. Further, Debtor's counsel in his initial response to the summary judgment motion did not raise the need to conduct discovery, advising the Court he could raise it the day before the hearing if need be.

Third, Debtor's counsel alleged in his Complaint that the Debtor has causes of actions under Va. Code § 55-80 and 55-81 against the Bank.[11] The Debtor conceded he made no specific factual allegations under the requirements of old Sections 55-80 or 55-81 in the Complaint, nor did he seek to submit an affidavit from his client to show that such facts existed. A document the Bank deems critical on this issue was drafted by an attorney in Tazewell, Virginia, and Debtor's counsel conceded he had neither discussed that document with his client nor with his client's former attorney. He conceded he should have. In fact, Debtor's counsel conceded he had not met with his client in over a month and half since the last hearing in the case, a trial on a contested motion for relief from stay filed by the Bank, on November 20, 2019.

How Debtor's counsel obtained the affidavit at ECF No. 27-2, signed on January 3, 2020, without meeting with his client is a mystery. At the hearing on January 9, 2020, the Court had the following colloquy with counsel:

> The Court: You filed a response to the motion for summary judgment that was just like two pages and that's what I'm here on right now.
> Debtor's counsel: Yes sir, I filed not only that two page response. I also filed on docket entry 27 a motion under Rule 7056(d) for discovery.
> The Court: Why didn't you do that when you filed your response to the summary judgment motion instead of last week?
> Debtor's counsel: Because I didn't have an opportunity to sit down with [the Debtor] to prepare an affidavit to ensure that . . .
> The Court: Explain that to me Mr. Copeland. We had a trial here in November. He was here. He sat in that chair and testified for the better part of a day.
> Debtor's counsel: We were here all day on that day.
> The Court: And you haven't seen him since?

---

[11] Both of these code sections were repealed October 1, 2019, and re-enacted in new code sections effective October 1, 2019. The Debtor's complaint was filed October 1, 2019. The Debtor's proposed amended complaint still refers to the repealed code sections.

15

>Debtor's counsel: Your Honor, I'm not sure that I have.
>The Court: Well, whose fault is that?
>Debtor's counsel: Mine. I mean it's mine.

Debtor's counsel has dragged his feet in this case and the Court expects that Debtor's counsel will right his ship going forward, and conduct this case, and all others, in a more professional manner. This Part IV is a shot across that ship's bow. Absent such corrective action, the Court reserves the right to take such action against counsel as may be necessary, including sanctions, under the Court's inherent authority, Bankruptcy Rule 9011, and/or 28 U.S.C. § 1927.[12]

## CONCLUSION

For the foregoing reasons, the Court finds that the Bank's Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Rule 12(c) of the Federal Rules of Civil Procedure will be granted as to Proofs of Claim 1, 3 and 5; the claims are not barred by the applicable statute of limitations and the Debtor's request for relief on that basis will be dismissed.

A separate Order will be entered contemporaneously herewith. This cause is continued as to the other matters remaining unresolved in this case.

---

[12] 28 U.S.C. § 1927 allows the court to hold attorneys liable for any excess expenses caused because of their unreasonable or vexatious conduct. *In re Varona,* 388 B.R. 705, 714 (Bankr. E.D. Va. 2008). "While under 28 U.S.C. § 451, a bankruptcy court is not specifically designated as a 'court of the United States,' bankruptcy courts are a unit of the district court in each judicial district under 28 U.S.C. § 151 and exercise the power of the district court in bankruptcy cases by virtue of the reference provided for by 28 U.S.C. § 157(a)." *D&B Countryside, L.L.C. v. S.P. Newell (In re D & B Countryside, L.L.C.)*, 217 B.R. 72, 75 n.5 (Bankr. E.D. Va. 1998). "As such, the bankruptcy court's ability to award sanctions under 28 U.S.C. § 1927 flows from its jurisdictional relationship with the district court." *In re Ocean 4660 LLC*, 569 B.R. 850, 876 (Bankr. S.D. Fla. 2017). *In re Warren*, No. 17-22544, 2019 WL 3995976, at *7 (Bankr. D. Md. Aug. 22, 2019).